IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02481-REB-KLM

PROFESSIONAL SOLUTIONS INSURANCE COMPANY,

Plaintiff,

v.

HARRY MOHRLANG,
LENORA MOHRLANG,
BRUCE A MOHRLANG,

Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiff **PSIC's Motion for Protective Order RE 30(b)(6) Deposition** [Docket No. 25; Filed June 25, 2008] ("Motion No. 25") and Plaintiff **PSIC's Amended Motion for Protective Order RE Bruce A. Mohrlang's Second Set of Interrogatories and Requests for Production of Documents**. [Docket No. 31; Filed July 8, 2008] ("Motion No. 31"). Defendant Bruce A. Mohrlang (hereinafter "Defendant") filed responses to both Motions [Docket Nos. 38 & 42] and Plaintiff filed replies [Docket Nos. 41 & 43]. The Court has considered the pleadings and the applicable law and is fully advised in the premises. Further, the Court recently issued an order involving substantially similar issues [Docket No. 45]. For the reasons set forth in my prior Order, and explained more fully below,

IT IS HEREBY **ORDERED** that Plaintiff's Motion Nos. 25 & 31 are **DENIED**.

Plaintiff's primary argument justifying both Motions is that the language of the

insurance policy at issue in this case is not ambiguous and discovery related to its interpretation of that language is therefore not relevant. *Reply* [#43] at 3. Plaintiff correctly notes that when language in a contract is not ambiguous, extrinsic evidence is neither necessary nor permitted. *Brammer-Hoelter v. Twin Peaks Charter Acad*. 492 F.3d 1192, 1211 (10th Cir. 2007); *Boyer v. Karakehian*, 915 P.2d 1295, 1299 (Colo. 1996). However, the Court notes that whether language is ambiguous is a legal determination that often cannot be made without looking at the factual context of a case. *Highwoods Props., Inc. v. Exec. Risk Indem., Inc.*, 407 F.3d 917, 923 (8th Cir. 2005) ("Context is often central to the way in which policy language is applied."). For instance, "the same language may be found both ambiguous and unambiguous as applied to different facts." *Id.*

While the weight of authority holds that similar policy language is not ambiguous, several of the cases cited by Plaintiff rise and fall on the specific facts to which the policy language was applied. In *Highwoods*, the court compared "the ordinary meaning of particular terms to the facts of the case to determine if [the language was] ambiguous as to those facts." *Id.* In *Continental Casualty Co.*, the court likewise considered the policy language in the context of the case, including whether related claims can arise out of a law firm's neglect of the rights of multiple parties who chose to litigate such neglect in a single lawsuit. *Cont'l Cas. Co. v. Orr*, No. 8:07-cv-292, 2008 WL 2704236, at *4 (D. Neb. July 3, 2008) (unpublished decision). In addition, when resolving the question of ambiguity, other courts have also found it necessary to apply the facts of the case to the policy language at issue. *See, e.g.*, *Kolb v. Paul Revere Life Ins. Co.*, 355 F.3d 1132, 1135-36 (8th Cir. 2004). Further, "[e]xtrinsic evidence such as 'evidence of local usage and of circumstance surrounding the making of the contract' may be conditionally admitted to determine whether

ambiguity exists." *WRI Invs., Inc. v. Purcell*, No. 06-cv-01521-REB-PAC, 2007 WL 2792229, at *2 (D. Colo. Sept. 24, 2007) (unpublished decision) (quoting *Cheyenne Mountain Sch. Dist. #12 v. Thompson*, 861 P.2d 711, 715 (Colo. 1993)).

Several of the cases cited by Defendant also appear to consider the facts of a particular case in determining whether ambiguity exists in the policy language. *See St. Paul Fire & Marine Ins. Co. v. Chong*, 787 F. Supp. 183, 187 (D. Kan. 1992) (considering the plaintiff's interpretation of the policy language in the context of the case); *Beale v. Am. Nat'l Lawyers Ins. Reciprocal*, 843 A.2d 78, 92-93 (Md. Ct. App. 2004) (resolving potential ambiguity of policy language on consideration of facts at issue in case).

Without knowing the full details or the context of the case, the Court cannot and does not make such an ambiguity determination here. The issue of the ambiguity of the insurance policy language, and the context to which that language is being applied, is presently before the District Court Judge to be resolved via dispositive motion [Docket No. 44]. If, after review of the parties' pleadings, disputed and undisputed facts, and analysis, he determines that the policy language is ambiguous, the use of extrinsic evidence would be appropriate. *Cherokee Metro. Dist. v. Simpson*, 148 P.3d 142, 146 (Colo. 2006). Therefore, if the discovery at issue lends guidance to the meaning of the policy language, it should be permitted. *See* Fed. R. Civ. P. 26(b)(1).

Whether the information, testimony, or documents sought via the discovery requests are relevant is a deliberately broad determination with the goal to allow the parties to discover whatever is necessary to prove or disprove their cases. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan.

2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)). In addition, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As such, discovery cannot be avoided merely because the information or documents sought are likely to be inadmissible. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29-30 (1984); 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2008, at 111-13 & nn.31-33 (2d. ed. 1994). If the material sought is relevant to the case and may lead to admissible evidence, it should generally be produced.

In regard to Plaintiff's Motion No. 25, the Court has already determined that evidence regarding Plaintiff's handling of the claims at issue is relevant to interpretation of the policy language, if that language is ambiguous. *Order* [#45] at 9-10. Further, the Court found that Plaintiff failed to substantiate a work product privilege exception to the production of this information. *Id.* at 10. The same is true regarding these pleadings. Given the broad relevancy standard applicable to discovery, Plaintiff must produce a deponent who can specifically address how Plaintiff handled the claims at issue.[1]

---

[1] The matters for examination at issue are reproduced below:

"2. The process, if any, that PSIC uses to determine whether multiple claims made against an insured under a policy are 'related claims.'"

"3. The criteria, if any, that PSIC uses to determine whether claims are temporarily, logically, or causally connected by any common fact, circumstance, situation, transaction, event, advice, or decision."

"4. The process, if any, through which PSIC reached the determination that the claims asserted by Bruce A. Mohrlang on the one hand and by Harry and Lenora Mohrlang

Accordingly, to the extent that Plaintiff seeks a protective order protecting its representative from testifying regarding "matters for examination" listed in item 4 of Defendant's Notice of Deposition [Docket No. 25-2], Motion No. 25 is **denied**.

Plaintiff also contends that it should be protected from producing a representative to testify regarding how Plaintiff generally handles related claims and the details of cases where Plaintiff or its parent company, NCMIC, took the position that "two or more claims asserted against an insured were 'related claims' under a policy." *Motion No. 25* at 3-4, 6-7. Defendant argues that (1) "Deposing PSIC about its process for determining whether multiple claims are 'related claims' is reasonably calculated to lead to the discovery of admissible evidence"; and (2) "PSIC/NCMIC's interpretation of 'related claims' in another case would be admissible under Fed. R. Civ. P. 801 and would be relevant to the extent it differs from the interpretation of 'related claims' urged by Plaintiff in this case." *Response* [#38] at 7. On balance, I agree with Defendant.

The 2000 Advisory Committee Notes to Federal Rule of Civil Procedure 26 address the scope of discoverable information and recognize that "[a] variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action. For example, other incidents of the same type or involving the

---

on the other hand are 'related claims.'"

"6. The name of each case in which PSIC has taken the position that two or more claims asserted against an insured were 'related claims' under a policy, the jurisdiction in which each such case was filed, and the case number."

"7. The name of each case in the last five years in which NCMIC Insurance Company has taken the position that two or more claims asserted against an insured were 'related claims' under a policy, the jurisdiction in which each such case was filed, and the case number."

same conduct, could be properly discoverable under the revised standard." Evidence of Plaintiff's handling of similar claims in general and in specific other cases may be relevant here if the policy language is held to be ambiguous. *See, e.g.*, *Cornelius v. Consol. Rail Corp.*, 169 F.R.D. 250, 251-52 (N.D.N.Y. 1996) (evidence of prior claims and lawsuits involving similar allegations is relevant and discoverable, regardless that it later may be inadmissable at trial). As indicated earlier, if the District Court finds that the policy language at issue here is ambiguous, evidence relating to Plaintiff's claims handling generally is arguably relevant to an interpretation of the policy language and, therefore, discoverable.

Further, to the extent that Plaintiff argues that its parent company's handling of similar claims is not relevant, Defendant contends that NCMIC is a real party in interest. *Compare Motion* [#25] at 7, *with Response* [#38] at 7. Given the broad relevancy standard applicable to discovery, this information is arguably relevant. In addition, discovery should not necessarily be prohibited merely because it relates to claims that one party asserts are based on an insufficient theory. *Alexander v. FBI*, 194 F.R.D. 316, 326 (D.D.C. 2000); 8 Wright et al., *supra*, § 2008, at 104 & n.14.

Accordingly, to the extent that Plaintiff seeks a protective order protecting its representative from testifying regarding "matters for examination" listed in items 2, 3, 6 & 7 of Defendant's Notice of Deposition [Docket No. 25-2], Motion No. 25 is **denied**.

With regard to the issues presented in Plaintiff's Motion No. 31, the Court has already determined that evidence regarding Plaintiff's handling of the claims is relevant to interpretation of the policy language, if ambiguous. *Order* [#45] at 9-10. Further, the Court found that Plaintiff failed to substantiate a work product privilege exception to the production of this information. *Id.* at 10. The same is true regarding these pleadings.

Plaintiff appears to concede that each discovery request at issue would be relevant to the interpretation of the policy language if such were found to be ambiguous. *See Reply* [#43] at 2, 12. As such, Plaintiff must provide responses to Defendant's Interrogatory Nos. 14 & 15 and Request for Production Nos. 17 & 18.[2] Accordingly, Motion No. 31 is **denied**.

Dated: September 25, 2008

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge

---

[2] The discovery requests at issue here are reproduced below:

"Interrogatory 14: How many claim files did PSIC set up for the claims asserted against PSIC's Insureds by Harry Mohrlang, Lenora Mohrlang, and Bruce Mohrlang?"

"Interrogatory 15: Did PSIC send a reservation of rights letter to PSIC's Insured, and if so, when?"

"Request for Production 17: Produce all reservation of rights letters that PSIC sent to PSIC's Insured."

"Request for Production 18: Produce all coverage correspondence between PSIC and PSIC's Insureds."