IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-02481-PAB-KLM

PROFESSIONAL SOLUTIONS INSURANCE COMPANY,

    Plaintiff,

v.

HARRY MOHRLANG,
LENORA MOHRLANG, and
BRUCE A. MOHRLANG,

    Defendants.

---

**ORDER**

---

    This insurance case initially arose out of defendants Harry Mohrlang, Lenora Mohrlang, and Bruce Mohrlangs' professional malpractice claims against their former attorney.[1] That attorney was insured by plaintiff Professional Solutions Insurance Company ("PSIC"). In July 2008, the Mohrlangs, their former attorney, and PSIC entered into a settlement agreement regarding the Mohrlangs' malpractice claims. The Mohrlangs agreed to release their claims against the insured attorney. PSIC, in turn, agreed to pay the Mohrlangs $485,000 as the undisputed amount payable under the policy.

    At the time of the settlement agreement, PSIC argued that the Mohrlangs' claims were "related" as defined by the policy and, as a result, the Mohrlangs were not entitled

---

[1] A more complete recitation of the facts surrounding this case can be found in the Court's February 10, 2009 Order [Docket No. 65].

to any additional payment under the policy. The Mohrlangs disagreed, arguing that the claims were not "related." As a consequence, the Mohrlangs believed they were entitled to recover up to the policy's $1,000,000 aggregate limit. As part of their settlement, the parties agreed that the Mohrlangs would be treated as assignees of their former attorney's rights under the PSIC policy and that the parties would submit to a court or arbitrator the issue regarding the extent of coverage.

The parties agreed that if the court or arbitrator decided in PSIC's favor – i.e. that the claims were "related" – then PSIC would owe the Mohrlangs nothing more. If however, the court or arbitrator determined that the claims were not "related," then they agreed that "judgment shall enter on the arbiter's or court's determination in favor of the [Mohrlangs] and against PSIC in the amount of $450,000, subject to any appeal of a trial court determination." The parties also agreed to bear their own costs and attorneys' fees resulting from the proceedings on this issue.

On February 10, 2009, the Court issued an Order [Docket No. 65] granting summary judgment to the Mohrlangs and concluding that, as a matter of law, the claims were not "related." As a result, the Mohrlangs are entitled to a judgment against PSIC in the amount of $450,000.00. The parties appear to accede to the fact that the $450,000 in the settlement agreement represents the limits under the policy in question – the aggregate policy limit allows for an additional $500,000 minus claim expenses.

The only issue that remains unresolved in this case is whether the Mohrlangs are entitled to prejudgment interest on the $450,000 judgment for the period between the purported effective date of the settlement agreement – October 8, 2007 – and the date judgment enters in the Mohrlangs' favor. The Court ordered the parties to brief the

issue. Having done so, the issue is now ripe for review. The Mohrlangs argue that, irrespective of the policy limits, they are entitled to prejudgment interest on the $450,000 from the date the parties entered into the settlement agreement until judgment enters in this case. The settlement agreement and the insurance policy do not explicitly address the issues of prejudgment or postjudgment interest.

### Damages for Personal Injuries

In Colorado, prevailing plaintiffs are entitled by statute to prejudgment interest on damage awards. *See*, *e.g.*, Colo. Rev. Stat. Ann. §§ 13-21-101 & 5-12-102 (West 2009). However, the same statutes and case law also impose certain limitations on the recovery of prejudgment interest. The limitations differ depending on the type of injury one suffers and from whom one seeks to collect. For example, prejudgment interest on damages for "personal injuries" is governed by Colorado Revised Statutes section § 13-21-101. Where a plaintiff attempts to recover an award of damages for personal injuries from a defendant's insurance company, her total recovery including prejudgment interest is subject to relevant limits on damages in the insurance policy. *Old Republic Ins. Co. v. Ross*, 180 P.3d 427, 436-37 (Colo. 2008) (citing *Allstate Ins. Co. v. Starke*, 797 P.2d 14, 18-19 (Colo. 1990)); *see also USAA v. Parker*, 200 P.3d 350, 358-59 (Colo. 2009).

### Damages for Non-Personal Injuries

Damages for non-personal injuries are governed by Colorado Revised Statutes § 5-12-102 and do not appear to be subject to the same restriction based on policy limits. *See Mesa Sand & Gravel Co. v. Landfill, Inc.*, 776 P.2d 362, 363 (Colo. 1989); *see also*

*Ross*, 180 P.3d at 436 (noting that "[b]y treating this case like a breach of contract case subject to section 5-12-102, the court of appeals circumvented Colorado caselaw dictating that all damages arising from personal injuries, including prejudgment interest, are subject to relevant limits on damages in a defendant's insurance policy"); *Peterman v. State Farm Mut. Auto. Ins. Co.*, 8 P.3d 549, 553 (Colo. App. 2000) (citing *Vasquez v. LeMars Mut. Ins. Co.*, 477 N.W.2d 404 (Iowa 1991) ("[P]rejudgment interest was not subject to the liability limits of an underinsured motorist policy because the dispute between the insured and the insurer was a contract dispute, not a personal injury claim.").[2] Under section 5-12-102, a prevailing plaintiff may recover prejudgment interest on "all moneys or the value of all property after they are wrongfully withheld or after they become due to the date of payment or to the date judgment is entered, whichever first occurs." Colo. Rev. Stat. Ann. § 5-12-102(1) (West 2009). Therefore, prejudgment interest on damages for non-personal injuries pursuant to § 5-12-102 is available only where the principal amount is wrongfully withheld or past due.

The Mohrlangs premise their alleged entitlement to prejudgment interest on the non-personal injury statute, Colorado Revised Statutes § 5-12-102. Colorado law defines "personal injuries" broadly for purposes of characterizing damages and the prejudgment interest thereon. *See Herod v. Colo. Farm Bureau Mut. Ins. Co.*, 928 P.2d

---

[2] The Colorado Supreme Court overruled *Peterman*, but only to the extent that it applied to personal injury cases. See *USAA v. Parker*, 200 P.3d 350, 358 n.11 (Colo. 2009). On the other hand, the Colorado Supreme Court has cited with approval *Peterman*'s discussion of recovery of prejudgment interest on damages for non-personal injuries. *See Ross*, 180 P.3d at 437 (Colo. 2008) ("After the insureds [in *Peterman*] obtained a judgment against the insurer, the court of appeals appropriately awarded prejudgment interest in excess of policy limits.").

4

834, 838 (Colo. App. 1996) ("An injury is personal when it impairs the well-being or the mental or physical health of the victim. In contrast, an injury is not personal when inflicted on property."). Furthermore, where parties incorrectly characterize the nature of particular damages, a court will correct them. *See*, *e.g.*, *Old Republic Ins. Co. v. Ross*, 180 P.3d 427, 437 (Colo. 2008).

The nature of the Mohrlangs' damages is not clear from the record. Ultimately, however, whether they result from personal or non-personal injuries has little effect on the result, for the Mohrlangs are not entitled to prejudgment interest under either. To the extent that their injuries can be labeled "personal," the Mohrlangs are not entitled to prejudgment interest because it is restricted to the policy limits and those limits were reached by the $450,000 payment. *See Ross*, 180 P.3d at 436-37; *Parker*, 200 P.3d at 358-59.

If instead the injuries are more aptly considered "non-personal," then, as discussed earlier, § 5-12-102 allows prejudgment interest to accrue only on those principal amounts wrongfully withheld or past due. The Mohrlangs contend that PSIC wrongfully withheld the additional $450,000 of insurance proceeds from the time the parties entered into the settlement agreement.[3] Although Colorado courts liberally construe the phrase "wrongfully withheld," the withholding of money or property is only wrongful where a person is otherwise entitled to it. *See Mesa Sand & Gravel*, 776 P.2d at 365. *See also Peterman*, 8 P.3d at 551, *overruled on other grounds by Parker*, 200

---

[3] Because the Mohrlangs have not sought to collect prejudgment interest for the time period preceding the settlement agreement, I need not consider it. *See Mesa Sand & Gravel Co. v. Landfill, Inc.*, 776 P.2d 362, 365-66 (Colo. 1989).

P.3d at 358 n.11  ("Under the statute, a wrongful withholding only requires the failure to pay or deliver money or property when there is an obligation to do so.").

In the present case, PSIC's withholding of the $450,000 following the consummation of the settlement agreement was not wrongful.  Instead it was a term of the agreement.  Even if the Mohrlangs were otherwise entitled to those funds upon entering into the settlement agreement, they waived those rights by agreeing to allow PSIC to withhold payment until after a court or arbitrator decided the issue of whether their claims were "related."  I find that the plain meaning of the settlement contract requires such a result.  *See Prof'l Solutions Ins. Co. v. Mohrlang*, No. 07-cv-02481-PAB-KLM, 2009 WL 321706, at *8 (D. Colo. Feb. 10, 2009) (in interpreting contracts, "courts are to give effect to the intent and reasonable expectations of the parties and to enforce the [contract's] plain language unless it is ambiguous") (citing *Hoang v. Assurance Co. of Am.*, 149 P.3d 798, 801 (Colo. 2007)).

Therefore, it is

**ORDERED** that the clerk shall forthwith enter judgment in favor of defendants Harry Mohrlang, Lenora Mohrlang, and Bruce A. Mohrlang and against plaintiff Professional Solutions Insurance Company in the amount of $450,000.  The parties shall bear their own costs and attorneys fees.  It is further

**ORDERED** that defendants shall not receive prejudgment interest on the judgment amount.

DATED May 29, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge